IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>v.<br><br>JERRY LEE MATLOCK, JR.,<br><br>                Defendant. | Case No. 21-CR-322-JFH |

## OPINION AND ORDER

Before the Court are motions by both the United States of America ("Government") and Defendant Jerry Lee Matlock, Jr. ("Defendant"), relating to anticipated evidence and Federal Rule of Evidence 404(b). Dkt. No. 72; Dkt. No. 80; Dkt. No. 81. For the reasons stated, the anticipated evidence is ADMISSIBLE subject to proper foundational requirements established during trial.

## BACKGROUND

Defendant is charged with murder in Indian country; use, carry, brandish, and discharge of a firearm during and in relation to a crime of violence; and causing the death of a person in the course of a violation of 18 U.S.C. § 924(c). Dkt. No. 15. The indictment alleges that Defendant killed Robert Scraper ("Scraper") on September 14, 2021. *Id.*

A complaint filed earlier in the case provides additional alleged detail. Dkt. No. 1. Defendant allegedly lived at Scraper's residence at the time of the charged conduct. *Id.* at 3. On September 14, 2021, Defendant allegedly ran down the road and driveway area yelling, "I've got to get the hell out of here," before leaving the property in a pickup truck. *Id.* About 30 minutes later, witnesses observed the truck return and heard a "loud pop sound" before the truck left again. *Id.* After the truck left, the witnesses observed Scraper yell "I've been shot" before collapsing. *Id.* at 3-4. Law enforcement officers then encountered Defendant walking down a road toward the

residence, and Defendant made various statements including, "Pull out your firearm and kill me. End me. Because all the death I've caused tonight would have been for no reason." *Id.* at 4.

Following arraignment, Defendant was sent for pretrial mental health examination and, following evaluation and treatment, was found competent to stand trial. *See* Dkt. No. 35; Dkt. No. 61; Dkt. No. 62; Dkt. No. 63. Defendant has filed notices of an insanity defense and a diminished capacity defense. Dkt. No. 30; Dkt. No. 82.

The Government filed a "notice and motion" pursuant to Rule 404(b), stating it intends to introduce evidence that:

> The victim had permitted Defendant to stay at the victim's home for months, but Defendant was to move out by September 15, 2021 and does not appear to have had another place where he could stay long-term. Defendant had been abusing drugs in the days leading up to the homicide. He was jealous of the victim's relationship with the victim's girlfriend and had told the victim's girlfriend a few days before the homicide that he was making three bullets: one for the victim, one for her, and one for himself.

Dkt. No. 72 at 2. Defendant filed a motion in limine regarding this evidence on various grounds, including relevance and unfair prejudice. Dkt. No. 80.

## AUTHORITY AND ANALYSIS

When considering admissibility of prior bad acts evidence, the Court must "distinguish between evidence that is extrinsic or intrinsic to the charged crime."[1] *United States v. Kupfer*, 797 F.3d 1233, 1238 (10th Cir. 2015) (citing *United States v. Pace*, 981 F.2d 1123, 1135 (10th Cir. 1992), *abrogated on other grounds as recognized in United States v. Bell*, 154 F.3d 1205, 1209-10 (10th Cir. 1998)). Intrinsic evidence is "directly connected to the factual circumstances of the crime and provides contextual or background information to the jury." *United States v. Murry*, 31

---

[1] The Government argues that the evidence is intrinsic but provides alternative argument under Rule 404(b) as well. Dkt. No. 72 at 4.

F.4th 1274, 1290-91 (10th Cir. 2022) (quotations omitted).  It takes many forms, such as evidence that:

- Is "inextricably intertwined with the charged conduct;"

- Occurs "within the same time frame as the activity in the conspiracy being charged;"

- Is "a necessary preliminary to the charged [crimes];"

- Provides "direct proof of the defendant's involvement with the charged crimes;"

- Is "entirely germane background information, directly connected to the factual circumstances of the crime;" or

- Is "necessary to provide the jury with background and context of the nature of the defendant's relationship to [other actors]."

*United States v. Cushing*, 10 F.4th 1055, 1075-76 (10th Cir. 2021) (citing *Kupfer*, 797 F.3d at 1238).  In contrast, extrinsic evidence "is extraneous and is not intimately connected or blended with the factual circumstances of the charged offense." *Murry*, 31 F.4th at 1291.

If the Court determines evidence is intrinsic, it must conduct a Rule 403 analysis to determine that the evidence's probative value is not substantially outweighed by the danger of unfair prejudice.  *Irving*, 665 F.3d at 1212.  If the Court determines the evidence at issue is extrinsic, it must conduct a Rule 404(b) analysis.  *Kupfer*, 797 F.3d at 1238.

Here, the evidence of Defendant's occupancy at Scraper's residence, drug use, romantic jealousy, and statement to Scraper's girlfriend regarding manufacturing bullets is intrinsic because all the described facts provide germane background information directly connected to the factual circumstances of the charged conduct.  The evidence gives background to Defendant's relationships with Scraper and his girlfriend and context to the statements Defendant allegedly made to law enforcement on the day of the charged conduct.

Because the evidence is intrinsic, Rule 404(b) does not apply. Rather, the Court performs a Rule 403 balancing test to ensure the evidence's probative value is not substantially outweighed by the danger of unfair prejudice, cognizant that "our law favors admission of all relevant evidence not otherwise proscribed [and] exclusion under [Rule 403] is an extraordinary remedy that should be used sparingly." *Irving*, 665 F.3d at 1213 (emphasis removed); *Murry*, 31 F.4th at 1291 (same).

Defendant argues that his temporary occupancy at Scraper's residence lacks probative value to the charged conduct because it does not go directly to the killing. Dkt. No. 80 at 2. But relevant evidence is defined as having "any tendency to make a fact more or less probable than it would be without the evidence; and . . . the fact is of consequence in determining the action." Fed. R. Evid. 401. The complaint states that witnesses saw a truck consistent with Defendant's arrive at Scraper's residence and then leave within the same timeframe as the shooting, but it does not say that any witnesses witnessed the shooting itself. Identification therefore may be at issue, and Defendant's previous association with the location would be probative and relevant.[2] Defendant raises a concern that his transience would have "a bad connotation with most people with the news being shown of the homeless problem" [Dkt. No. 81 at 3], but this risk does not substantially outweigh the probative value of the evidence.

Defendant next argues that his drug use is irrelevant and highly prejudicial. Dkt. No. 80 at 2. The Court disagrees. Defendant is charged with first degree murder, which requires specific intent. Drug use around the time of the charged conduct could easily be relevant to Defendant's state of mind and intent, particularly given Defendant's notice of diminished capacity defense. *See*

---

[2] Defendant also argues that the anticipated eviction from Scraper's property "certainly could not prove motive because if that was the reason to kill the victim because he had to move, by killing the victim he would have to remove himself from the home anyway since the owner is dead." Dkt. No. 80 at 2. Defendant's motive argument is a weight of the evidence issue, not a Rule 403 issue, and therefore is best left to the jury rather than the Court.

Dkt. No. 82. While there is some risk of unfair prejudice with evidence of drug use, it does not substantially outweigh the probative value of the evidence in this case.

Evidence regarding Defendant's alleged romantic jealousy is also, according to Defendant, irrelevant and unfairly prejudicial. The Court sees it differently. The relevance of the various individuals' relationships to each other has already been established. Further, prejudice and unfair prejudice are two separate things. "Evidence is not unfairly prejudicial simply because it is damaging to [a party's] case." *United States v. Caraway*, 534 F.3d 1290, 1301 (10th Cir. 2008) (quotation omitted). Rather, it must have "an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." *Id.* In other words, evidence is unfairly prejudicial if it "tends to affect adversely the jury's attitude toward the defendant *wholly apart* from its judgment as to his guilt or innocense [sic] of the crime charged." *United States v. Ford*, 613 F.3d 1263, 1268 (10th Cir. 2010) (emphasis in original) (quotation omitted). "In weighing the probative value of evidence against unfair prejudice, district courts must give the evidence its maximum reasonable probative force and its minimum reasonable prejudicial value." *Murry*, 31 F.4th at 1291 (internal quotations omitted). Stories of spurned lovers are not uncommon in homicide cases. The supposed romantic jealousy has probative value for Defendant's alleged intent and mental state, and this value is not substantially outweighed by danger of unfair prejudice.

Finally, Defendant objects to evidence regarding Defendant's statement about bullet manufacturing. He first argues that it is propensity evidence depicting Defendant as "a bad man" with "bad character." Dkt. No. 80 at 2. Propensity is a Rule 404(b) argument not relevant to intrinsic evidence.[3] He also argues that the evidence would invoke an emotional response from

---

[3] The Court notes, however, that even if evaluated under Rule 404(b), this evidence would still be admissible, as it would go to motive, intent, preparation, plan, and absence of mistake or lack of accident. *See* Fed. R. Evid. 404(b).

the jury. Dkt. No. 81 at 3. But as with the romantic jealousy evidence discussed above, while there is a risk of prejudice here, there is low danger of *unfair* prejudice—the potential emotional response is related to the same facts the jury must consider to assess Defendant's guilt or innocence and is not "wholly separate" from those facts.

## CONCLUSION

IT IS THEREFORE ORDERED that the evidence described in the Government's notice and motion at Dkt. No. 72 is ADMISSIBLE as intrinsic evidence subject to proper foundational requirements established during trial.

IT IS FURTHER ORDERED that the motion within Dkt. No. 72 to admit the evidence under Rule 404(b) is DENIED AS MOOT.

IT IS FURTHER ORDERED that Defendant's motion in limine regarding the evidence at Dkt. No. 80 is DENIED.

Dated this 19th day of January 2024.

                                                                       _____
                                                                       JOHN F. HEIL, III
                                                                       UNITED STATES DISTRICT JUDGE